FILED
2016 Mar-11  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEWART P. SPARKS, III, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CULLMAN ELECTRIC COOPERATIVE,<br><br>  Defendant. | Case No. 5:15-cv-322-MHH |
| TAMMY BATES on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>JOE WHEELER ELECTRIC MEMBERSHIP CORPORATION,<br><br>  Defendant. | Case No. 5:15-cv-334-MHH |
| JOHN LAKE on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>MARSHALL-DEKALB ELECTRIC COOPERATIVE,<br><br>  Defendant. | Case No. 4:15-cv-339-MHH |

| | |
|---|---|
| **HERMAN KRITNER, JR.**, on behalf of himself and others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**ARAB ELECTRIC COOPERATIVE**,  )<br>)<br>Defendant.  ) | **Case No. 4:15-cv-341-MHH** |
| **THOMAS MALONE**, on behalf of himself and others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**FRANKLIN ELECTRIC COOPERATIVE**,  )<br>)<br>Defendant.  ) | **Case No. 3:15-cv-387-MHH** |
| **JOHN HOLLIS NEYMAN**, on behalf of himself and others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**CHEROKEE ELECTRIC COOPERATIVE**,  )<br>)<br>Defendant.  ) | **Case No. 4:15-cv-586-MHH** |

## **MEMORANDUM OPINION AND ORDER**

The plaintiffs in these consolidated putative class actions allege that the defendant electric cooperatives have failed to reduce electric resale rates or

distribute excess revenues as patronage capital in violation of Alabama Code § 37-6-20.  After all of the defendant electric cooperatives removed their cases to federal court, each plaintiff moved to remand, and the Court denied each plaintiff's motion to remand.[1]  The plaintiffs have now filed motions for reconsideration.  (*See* Doc. 42 in case 15-322; Docs. 48 & 49 in case 15-334; Doc. 36 in 15-339; and Doc. 35 in case 15-341).  Alternatively, the plaintiffs ask the Court to grant them leave to file an interlocutory appeal to the Eleventh Circuit.  (*See id.*).  This memorandum opinion addresses the plaintiffs' motions for reconsideration and alternative requests for an interlocutory appeal.[2]

## I.    STANDARD FOR RECONSIDERATION

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).  "Indeed, as a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in

---

[1] Before the actions were consolidated for pretrial purposes, Judge Virginia Hopkins denied motions to remand in the cases over which she originally presided.  *See* Doc. 23 in *Lake v. Marshall-DeKalb Electric Cooperative*, 15-cv-339; Doc. 22 in *Kritner v. Arab Electric Cooperative*, 15-cv-341.  In separate text orders, the undersigned denied the plaintiffs' motions to remand in *Sparks v. Cullman Electric Cooperative*, 15-cv-322 (*see* Doc. 25) and *Bates v. Joe Wheeler Electric Membership Corporation*, 15-cv-334 (*see* Doc. 30).  The Court then explained in a separate opinion the reasons for denying the plaintiffs' motions to remand in *Sparks* (*see* Doc. 38) and *Bates* (*see* Doc. 43).

[2] The plaintiffs in all four cases filed identical motions for reconsideration.  Thus, throughout the remainder of this opinion, when referring to the plaintiffs' motions for reconsideration, the Court will cite only to the plaintiff's motion in *Sparks* (Doc. 42), the lead case.

3

controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Id.* at 1268 (quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)); *see also Moten v. Maverick Transp., LLC*, No. 1:14-CV-00786-KOB, 2015 WL 6593089, at *1 (N.D. Ala. Oct. 30, 2015) ("Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and motions for reconsideration should not be an automatic response to an adverse ruling.") (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Still, the Court must consistently monitor subject matter jurisdiction (*see* Fed. R. Civ. P. 12(h)), so the Court takes one more look at the plaintiffs' arguments concerning remand.

## II. DISCUSSION

As laid out in the Court's memorandum opinion on the plaintiffs' motions to remand, the electric cooperatives removed these actions to federal court via the federal officer removal statute. 28 U.S.C. § 1442(a).[3] The federal officer removal statute authorizes removal of a civil or criminal action against or directed to "any officer (or any person acting under that officer) of the United States or any agency thereof[] . . . for or relating to any act under color of such office." 28 U.S.C. §

---

[3] For a detailed summary of the factual and procedural background in these cases, see the Court's memorandum opinion on the plaintiffs' motions to remand in *Sparks* (Doc. 38) and *Bates* (Doc. 43).

4

1442(a). Although courts generally construe removal statutes strictly and resolve uncertainties in favor of remand, *see, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), the federal officer removal statute is an exception to the general rule. Courts must construe the federal officer removal statute liberally "enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969).

To remove a case under section 1442(a)(1), a defendant "must advance a 'colorable defense arising out of his duty to enforce federal law.'" *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (quoting *Mesa v. California*, 489 U.S. 121, 133 (1989)).[4] The defendant also "must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the action against him." *Id.* (quoting *Maryland v. Soper*, 270 U.S. 9, 33 (1926)).[5]

---

[4] The Court stresses that to be a colorable defense, the "defense need only be plausible; its ultimate validity is not to be determined at the time of removal." *Id.* (citing *Mesa*, 489 U.S. at 129). The Supreme Court has construed the colorable defense requirement broadly, "recognizing that 'one of the most important reasons for removal is to have the validity' of the [federal defense] tried in a federal court." *See Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

[5] To establish a causal connection between what the cooperatives have done based on federal authority and the conduct that gives rise to this action, the electric cooperatives must show that the plaintiffs' claims arise from the electric cooperatives' performance of the cooperatives' contracts with the TVA. *See Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1274 (S.D. Fla. 2008) (citing *Magnin*, 91 F.3d at 1427-28); *see also Isaacson*, 517 F.3d 129, 137 (2d Cir. 2008) ("[N]on-governmental corporate defendants[] . . . must demonstrate that the acts

### A. Motion for Reconsideration

In its opinion denying the plaintiffs' motion to remand, the Court found that (1) the electric cooperatives presented a colorable federal defense to the plaintiffs' claims (i.e., that the TVA Act preempts the plaintiffs' state law claims), and (2) there is a causal connection between the electric cooperatives' actions and the action against them.  The plaintiffs make the following arguments in their motions for reconsideration: (1) the defendant electric cooperatives have not made a prima facie case of preemption because there is no federal statute or regulation that contradicts Alabama Code § 37-6-20; (2) Alabama Code § 37-6-20 explicitly prohibited the defendant electric cooperatives from entering into contracts that were inconsistent with the statute's terms, thereby making the TVA contracts void; and (3) the TVA contracts do not have any terms that conflict with Alabama Code § 37-6-20, so preemption does not apply.  (*See* Doc. 42, pp. 5-7).  The Court finds none of these arguments persuasive.

As to the plaintiffs' first argument, the electric cooperatives established a plausible case of preemption.  "[P]reemption exists where it is impossible for a private party to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 486 (11th Cir.

---

for which they are being sued[] . . . occurred because of what they were asked to do by the Government.") (emphasis omitted).

2015) (internal quotation marks and citation omitted).  Both the TVA contracts and Mr. Dwight Lanier's declarations support the electric cooperatives' contention that they can neither reduce resale rates nor issue refunds as patronage capital without first obtaining approval from the TVA.  Furthermore, this limitation on the electric cooperatives' rate-related discretion falls squarely within the TVA's wide range of authority under the TVA Act.

The plaintiffs' second argument—that Alabama Code § 37-6-20 explicitly prohibited the defendant electric cooperatives from entering into contracts that were inconsistent with the statute's terms—contradicts the plaintiffs' other arguments by highlighting the conflict that exists between the applicable state and federal law in these cases.  The plaintiffs' argument ignores the fact that under the electric cooperatives' theory of the case, federal law preempts the very law that the plaintiffs argue invalidated the contracts.

Given that the electric cooperatives' preemption argument rests on a conflict among the TVA contracts, the TVA's congressionally granted authority, and Alabama Code § 37-6-20, the plaintiffs' third argument is the functional equivalent of their first argument.  As stated above, the electric cooperatives plausibly established that they cannot comply with Ala. Code § 37-6-20 without running afoul of their obligations to the TVA under the TVA Act.  The Court finds that it

has jurisdiction over the claims in these actions. Therefore, the Court will not remand the actions to state court.

### B. Request to File Permissive Interlocutory Appeal

Alternatively, the plaintiffs ask the Court to grant them leave under 28 U.S.C. § 1292(b) to file a permissive interlocutory appeal to the Eleventh Circuit. (*See* Doc. 42, p. 7). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The plaintiffs argue that there are reasonable grounds for difference of opinion on a controlling question of law and that an immediate appeal would materially advance the termination of this litigation. The Court disagrees.

First, section 1292(b) requires substantial, not reasonable, grounds for difference of opinion. The fact that the electric cooperatives only had to advance a "colorable" or "plausible" federal defense leaves little room for difference of opinion on this issue, let alone substantial difference. Second, if the plaintiffs were to prevail on an interlocutory appeal, the forum in which the case is litigated would change, but remand would not advance the ultimate termination of this litigation. Therefore, the Court declines the invitation to certify its ruling on jurisdiction for interlocutory appeal.

## III.  CONCLUSION

Because the Court finds that it has jurisdiction over the plaintiffs' claims, the Court denies the plaintiffs' motions for reconsideration.  Additionally, the Court denies the plaintiffs' request for leave to file a permissive interlocutory appeal to the Eleventh Circuit.  The Court asks the Clerk to please term Doc. 42 in case 15-322, Docs. 48 & 49 in case 15-334, Doc. 36 in 15-339, and Doc. 35 in case 15-341.

**DONE** and **ORDERED** this March 11, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE